UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JORGE QUIROS, FRANCISCO ARRIETA,
GABRIEL A. PEREZ-SANTANA, and ANGEL
E. PEREZ-SANTANA,

      Plaintiffs,

vs.                                                 Case No.  5:11-cv-83-Oc-34MCR

GCA SERVICES GROUP, INC.,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on the parties' Joint Motion to Approve Settlement (Doc. 56) filed May 19, 2011.  For the reasons set forth herein, it is respectfully recommended that the Motion be granted.

**I.  INTRODUCTION**

This case was brought under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et. seq.*  On April 11, 2011, the parties notified the Court that they had settled their dispute.  (Doc. 54).  On April 12, 2011, the district judge directed the parties to file a joint motion for dismissal or other appropriate documents to close out the file no later than June 12, 2011.  (Doc. 55).  The Order also directed the Clerk to administratively close the file and referred the matter to the undersigned to prepare a Report and

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

Recommendation as to whether any proposed settlement is a "'fair and reasonable resolution of a bona fide dispute' over FLSA issues."  (Doc. 55) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982)).  On May 19, 2011, the parties filed the instant motion for approval of the settlement agreement.  (Doc. 56).

The undersigned reviewed the Joint Motion and the proposed settlement agreement and directed the parties to file supplemental material as well as a revised proposed settlement agreement.  (Doc. 57).  The parties filed the revised proposed settlement agreement and the supplemental material on June 8, 2011 (Doc. 60), however, the undersigned requested the parties provide "further information regarding the factors and reasons considered by all parties in reaching the compromise."  (Doc. 61).  On June 16, 2011, the parties filed their second supplement.  (Doc. 62).  Again, the Court found this supplement to be deficient and provided the parties with a final opportunity to "provide sufficient information from which the Court can determine whether the Plaintiffs' decisions to compromise their claims were reasonable."  (Doc. 63).  The parties filed their third supplement (Doc. 64) on June 29, 2011 and after reviewing it, the undersigned believes the proposed settlement is due to be approved.

## II. ANALYSIS

In Lynn's Food Stores, 679 F.2d at 1352-55, the Eleventh Circuit explained that Congress made the FLSA's provisions mandatory and as such, they "are not subject to negotiation or bargaining between employers and employees" except in two narrow circumstances.  Id. at 1352 (citing Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 65

S.Ct. 895, 902 (1945)).  The two circumstances are: (1) claims in which an employee accepts payment of unpaid wages supervised by the Secretary of Labor pursuant to 29 U.S.C. §216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. §216(b).  Id. at 1352-53.  In the second situation, where the parties to an FLSA action reach a settlement, the proposed settlement agreement must be scrutinized by the court and the court must determine whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id. at 1355.

Moreover, with respect to attorney's fees and costs, the Eleventh Circuit explained the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" Silva v. Miller, 307 F.App'x. 349, 351 (11th Cir. 2009) (quoting Maddrix v. Dize, 153 F.2d 274, 275-76 (4th Cir. 1946)).  When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva, 307 F.App'x. 349.  However, where the parties submit to the Court a proposed FLSA settlement that:

> (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is

> reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. However, if the parties can only agree as to the amount to be paid to the plaintiff, the Court will continue the practice of determining a reasonable fee using the lodestar approach.

Bonetti v. Embarq Mgmt. Co., 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).

In the instant case, Plaintiffs[2] claim Defendant violated the overtime provisions of the FLSA by failing to pay them overtime. According to Plaintiff Quiros, Defendant failed to pay him the proper overtime rate for 30 hours or $360.00 ($720.00 if liquidated). (Doc. 64, p. 3). Plaintiff Perez-Santana claimed Defendant failed to pay him overtime for 10 hours every week for a period of approximately 28 weeks, for a total of $2,940.00 (or $5,880.00 if liquidated). (Doc. 64, pp. 4-5). Finally, Plaintiff Arrieta claimed Defendant failed to pay him overtime for a total of 113 hours and failed to pay him straight time for 92 hours or $2,615.00 ($5,230.00 if liquidated). (Doc. 64, p.8) Defendant disputed Plaintiffs' contentions that they were improperly paid and "after conducting discovery, Defendant came forward with credible evidence that [Plaintiffs] had been properly paid for all hours worked." (Doc. 56, pp.4-6).

In an effort to avoid the costs and uncertainty of further litigation, the parties reached a settlement of the matter. Under the proposed settlement, Plaintiff Quiros will receive $3,000.00, Plaintiff Perez-Santana will receive $2,500.00, and Plaintiff Arrieta

---

[2] According to the Joint Motion (Doc. 56), Plaintiff, Gabriel A. Perez-Santana, died in January 2011 and his heirs are not pursuing his claims. The parties stated they will file an agreed stipulation of voluntary dismissal as to his claims.

will receive $3,000.00. Counsel for Plaintiffs will be paid $8,500.00 in attorney's fees. The parties also stipulated that the amount to be paid to Plaintiffs' attorney was "negotiated separately from [the Plaintiffs'] wage claim[s] and [is] being paid in addition to the amounts being paid to [Plaintiffs]." (Doc. 56).

Having reviewed the proposed amended settlement, the Court finds that it is a fair and reasonable compromise of a bona fide dispute between parties represented by competent counsel. Lynn's Food Stores, Inc., 679 F.2d at 1354-55. Plaintiffs were all represented by counsel and asserted they agreed that the settlement was fair and reasonable. (Doc. 56). Plaintiff Quiros has settled his claim for more than he was seeking. The remaining Plaintiffs, however, have agreed to settle their claims for less than the full amount to which they believed they were entitled. Defendant asserted that during discovery it produced records showing that all Plaintiffs were properly paid for all hours worked. Additionally, Defendant noted that Plaintiffs repeatedly changed their positions as to how much overtime they were due. Moreover, Defendant pointed out that none of the Plaintiffs were able to provide any proof that Defendant's actions were not in good faith and therefore, Plaintiffs would have had a difficult time showing a right to liquidated damages. These explanations sufficiently support the Plaintiffs' decisions to accept less than the full amount they claimed to be owed under the FLSA.

The Court further finds that the agreed-upon fees to be paid to Plaintiffs' counsel were determined independently, did not affect the payment to Plaintiffs, and otherwise appear to be reasonable. Bonetti, 715 F.Supp.2d at 1228. Therefore, the Court need not separately consider the reasonableness of the fee to be paid to Plaintiffs' counsel.

Accordingly, after due consideration, it is respectfully

**RECOMMENDED:**

The parties' Joint Motion for Approval of Settlement (Doc. 33) be **GRANTED** and the settlement agreement be **APPROVED** by the district court. It is further respectfully recommended that after the parties file a voluntary dismissal with respect to Plaintiff, Gabriel A. Perez-Santana, the case be **DISMISSED** with prejudice pursuant to the agreement of the Parties and the Clerk be directed to close the file.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this  7th  day of July, 2011.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of Record